UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODOLFO ANTONIO LOPEZ, JR.,

    Plaintiff,

    v.      CAUSE NO. 3:25-CV-009-TLS-JEM

PUERTO RICO (THE COMMONWEALTH),

    Defendant.

**OPINION AND ORDER**

Rodolfo Antonio Lopez, Jr., a prisoner without a lawyer, initiated this case by filing a complaint and a motion seeking leave to proceed in forma pauperis. ECF Nos. 1, 2. A prisoner may not bring a civil action in forma pauperis if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Lopez has accumulated five prior strikes:

    (1) *Lopez v. St. Joseph County Jail*, 3:19-CV-434 (N.D. Ind. filed 6/5/2019), dismissed August 13, 2019, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim for which relief could be granted

    (2) *Lopez v. Veterans Affairs*, 3:19-CV-506 (N.D. Ind. filed 7/1/2019), dismissed January 9, 2020, pursuant to 28 U.S.C. § 1915A for filing a frivolous lawsuit;

    (3) *Lopez v. Micheal Rogers*, 3:20-CV-039 (N.D. Ind. filed 1/10/2020), dismissed April 30, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim;

    (4) *Lopez v. Aramark*, 3:20-CV-040 (N.D. Ind. filed 1/10/2020), dismissed April 30, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim; and

(5) *Lopez v. The People*, 3:20-CV-041 (N.D. Ind. filed 1/10/2020), dismissed January 16, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

An inmate who has struck out "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Lopez seeks monetary damages against the Commonwealth of Puerto Rico for "actions that have no resolute (sic) and have hindered Mr. Lopez['s] way of life." ECF No. 1 at 1. Specifically, Lopez is of Mexican descent and takes issue with the fact that Christopher Columbus "'founded' America by landing in Puerto Rico." *Id*. He believes the white settlers from Europe are all "illegal immigrants," and he is angry that Puerto Rico "sided with America as a nation." *Id*. He claims Puerto Rico has attempted to "thwart life plans of Mr. Lopez" by being affiliated with the United States, which is "using resources at a pace of destructive means. *Id*. at 2. Although not all of Lopez's allegations are factually impossible, collectively they "are fanciful, fantastic, and delusional" and may be dismissed as such. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (cleaned up); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Moreover, nothing in the complaint plausibly suggests Lopez is facing a genuine emergency or is in imminent danger of serious physical injury, so he may not proceed in forma pauperis. Lopez is aware that he cannot proceed in forma pauperis unless he is in imminent danger of serious physical injury because he has been told so in at least four other cases: *Lopez v. WSBT 22 News Station,* 3:20-CV-424-RLM-MGG (N.D. Ind. filed May 26, 2020); *Lopez v. State*

2

*of Indiana*, 3:20-CV-504-JD-MGG (N.D. Ind. filed Jun. 17, 2020); *Lopez v. State of Indiana*, 3:20-CV-529-JD-MGG (N.D. Ind. filed Jun. 22, 2020); and *Lopez v. Supreme Court Justices of United States Supreme Court*, 4:20-CV-050-TLS-JPK (N.D. Ind. filed Jun. 17, 2020).

As noted above, Lopez's current claims do not allege an emergency or imminent danger of serious physical injury. Furthermore, he makes no mention of being "three struck." Yet, he still sought leave to proceed in forma pauperis. The Seventh Circuit requires litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Here, Lopez attempted to "bamboozle" the Court by seeking to proceed in forma pauperis when he is not in imminent danger of serious physical injury. This case will be dismissed, the filing fee will be assessed, and Lopez will be restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45

3

F.3d 185, 186 (7th Cir. 1995). Nor does it restrict Lopez from filing in any of his open cases because the court has not yet determined whether he is raising imminent danger claims in them.

For these reasons, the Court:

(1) DISMISSES this case WITH PREJUDICE pursuant to 28 U.S.C. § 1915A because the complaint is factually frivolous and because Rodolfo Antonio Lopez, Jr., sought leave to proceed in forma pauperis in violation of 28 U.S.C. § 1915(g);

(2) DENIES Rodolfo Antonio Lopez, Jr., leave to proceed in forma pauperis [ECF No. 2];

(3) ORDERS the Plaintiff, **Rodolfo Antonio Lopez, Jr., IDOC # 251416**, **St. Joseph County Jail # 319150** to pay (and the facility having custody of him to automatically remit) to the Clerk of Court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$405.00** filing fee is paid in full;

(4) DIRECTS the Clerk of Court to create a ledger for receipt of these funds;

(5) DIRECTS the Clerk of Court to return, unfiled, any papers filed by or on behalf of Rodolfo Antonio Lopez, Jr., (except for a notice of appeal or unless filed in an open case or in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) DIRECTS the Clerk of Court to note on the docket of *Lopez v. Tokars*, 3:25-CV-007-TLS-AZ any attempted filings in violation of this order; and

(7) DIRECTS the Clerk of Court to ensure that a copy of this order is mailed to each facility where the Plaintiff is housed until the filing fee has been paid in full.

So ORDERED on January 28, 2025.

                                                        s/ Theresa L. Springmann
                                                        JUDGE THERESA L. SPRINGMANN
                                                        UNITED STATES DISTRICT COURT